IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NEGASI TETEMKE TEKLU, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-26-544 |
| KRISTI NOEM, et al., | * | |
| Respondents. | * | |
| | * | |
| ***  | | |

# **ORDER**

The Court is in receipt of the Parties' Joint Notice filed February 11, 2026 (ECF No. 5). The Parties advise that the factual and legal issues in this case do not differ materially from those in Velasquez v. Noem, No. GLR-25-3215, 2025 WL 3003684 (D.Md. Oct. 27, 2025) and Villanueva Funes v. Noem, No. TDC-25-3860, 2026 WL 92860 (D.Md. Jan. 13, 2026). (Joint Notice at 1, ECF No. 5).[1] In Velasquez and Villanueva Funes, the habeas petitions concerned whether a noncitizen who is present in the United States without inspection or admission is subject to mandatory detention without bond under 8 U.S.C. § 1225(b) or discretionary detention with the possibility of bond under 8 U.S.C. § 1226(a). Velasquez, 2025 WL 3003684, at *4–7; Villanueva Funes, 2026 WL 92860, at *4. Further, this case is not materially different from Lopez v. Noem, No. GLR-25-03662, 2025 WL 3496195 (D.Md. Dec. 5, 2025), which concerned whether a noncitizen who is present in

---

[1] Unless otherwise noted, citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

the United States without admission and who has been charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) is entitled to a bond hearing under 8 U.S.C. § 1226(a) when they were previously encountered and detained by the Department of Homeland Security ("DHS") at the border, but were released and later placed on an Alternatives to Detention agreement. Lopez, 2025 WL 3496195, *1–2. Respondents Pamela Bondi, Vernon Liggins, Todd M. Lyons, and Kristi Noem ask to incorporate their briefings in those cases in lieu of further briefing. (Joint Notice at 1–2). The Parties also request that the Court decide this case without a hearing. (Id. at 2).

The Court finds that the facts and legal issues of this case are not materially different from those presented in Velasquez, Villanueva Funes, and Lopez and will not require further briefing from the Parties. The Court incorporates by reference the analyses in those cases and based on the reasonings therein, will grant Petitioner Negasi Tetemke Teklu's Petition for Writ of Habeas Corpus (ECF No. 1). See Velasquez, 2025 WL 3003684, at *4–7; Villanueva Funes, 2026 WL 92860, at *4 (citing Maldonado v. Baker, No. TDC-25-3084, 2025 WL 2968042, at *8–10 (D.Md. Oct. 21, 2025)); Lopez v. Noem, 2025 WL 349619, at *3–8. Lastly, the parties cite the United States Court of Appeals for the Fifth Circuit's decision in Buenrostro-Mendez v. Bondi, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), holding that the DHS can charge individuals they initially encounter, no matter how long they have been in the United States, under U.S.C. § 1225(b)(2), id. at *4–9, but acknowledge that this Fifth Circuit case is not binding on this District Court. (Joint Notice at 2). Accordingly, it is this 12th day of February, 2026, by the United States District Court for the District of Maryland, hereby:

2

ORDERED that Teklu's Petition for a Writ of Habeas Corpus (ECF No. 1) is GRANTED in that:

1. Respondents are ENJOINED from detaining Teklu under 8 U.S.C. § 1225(b).

2. Teklu shall be AFFORDED a bond hearing before an Immigration Judge ("IJ") under 8 U.S.C. § 1226(a) within ten (10) days of the date of this Order; the bond hearing need not take place in Maryland.

3. The bond hearing shall be conducted under 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.l, 1003.19, and 1236.l, and Respondents shall PROVIDE Teklu with any other process due to him under these provisions.

4. Teklu shall FILE a status report with the Court if no bond hearing is held within ten (10) days of the date of this Order.

IT IS FURTHER ORDERED that Teklu's Petition (ECF No. 1) is DENIED as to any further relief he seeks at this time;

IT IS FURTHER ORDERED that the Court shall RETAIN jurisdiction of this matter to enforce compliance with this Order; and

IT IS FURTHER ORDERED that the Clerk shall PROVIDE a copy of this order to all counsel of record.

/s/
George L. Russell, III
Chief United States District Judge